UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § | Civil Action No.  4:15-CV-02218 |
| v. | § § | |
| FREDERICK ALAN VOIGHT and DAYSTAR FUNDING, LP, | § § § | |
| Defendants, | § § | |
| and | § § | |
| F.A. VOIGHT & ASSOCIATES, LP, RHINE PARTNERS, LP, TOPSIDE PARTNERS, LP, INTERCORE, INC., and INTERCORE RESEARCH CANADA, INC. a/k/a INTERCORE CANADA RESEARCH, INC., | § § § § § § § | |
| Relief Defendants. | § § | |

## AGREED PARTIAL JUDGMENT AS TO FREDERICK ALAN VOIGHT

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Frederick Alan Voight ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Agreed Partial Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraphs VI and XIV); waived findings of fact and conclusions of law; and waived any right to appeal from this Agreed Partial Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Agreed Partial Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e(a) and (c)], by directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Agreed Partial Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the

Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Agreed Partial Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his own personal accounts.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains flowing to Defendant from the conduct described in the Complaint, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

77u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from May 31, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Agreed Partial Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VII.

**Asset Freeze Order**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Agreed Partial Judgment by personal service or otherwise, are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any excessive liability (including, specifically, by advances on any line of credit and any charges on any credit card in excess of $20,000 per month), or effecting any sale, gift, hypothecation or other disposition of any asset, pending provision of sufficient proof to the Court (and entry of an Order making a finding) of sufficient

funds or assets to satisfy all claims alleged in the Commission's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim. Further, any bank trust company, broker-dealer, depository institution, entity, or individual holding accounts or assets for or on behalf of the Defendant shall make no transactions in assets or securities (excepting liquidating necessary as to wasting assets) and no disbursement of assets or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including, specifically, any check, draft, or cashier's check) purchased by or for the Defendant, unless otherwise ordered by this Court.

To effectuate the provisions of this section, the Commission may cause a copy of this Agreed Partial Judgment to be served on any bank, savings and loan, broker-dealer or other financial or depository institution either by United States mail, email or facsimile as if such service were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of the Defendant, or any companies or persons or entities under his control.

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendant's assets at any time since January 1, 2014, shall:

    A.    Prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendant's assets, except as directed by further Order of the Court;

    B.    Deny Defendant and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, either individually or jointly; or (b) otherwise subject to access by Defendant;

C.    Provide counsel for the Commission, or any Receiver appointed in this matter, within five (5) business days of receiving a copy of this Agreed Partial Judgment, a statement setting forth:

    (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, either individually or jointly;

    (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Agreed Partial Judgment is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendant, either individually or jointly, or is otherwise subject to access by Defendant; and

D.    Upon request by the Commission, or any Receiver appointed in this matter, promptly provide the Commission and the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

## VIII.

### Document Preservation

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this Agreed Partial Judgment by personal service or otherwise, are restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any of their books and records or any documents

relating in any manner to the matters set forth in the Commission's Complaint, or the books and records of any entities under their control, unless otherwise ordered by this Court.

IX.

## Accounting

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is ordered to provide an interim accounting, under oath, within ten days of the issuance of this Agreed Partial Judgment detailing (a) all moneys and other benefits received, directly and indirectly, as a result of the activities alleged in the Complaint (including the date on which the moneys or other benefit was received and the name and all contact information for the person paying the money or providing the benefit), (b) all assets of the Defendant, wherever they may be located and by whomever they may be held (including the name and all contact information for the holder and the amount or value of the holdings), and (c) all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of the Defendant (including the name and all contact information for the account holder and the account number and the amount held in each account) held at any point during the period from January 1, 2014 through the date of the accounting. The accounting shall be sufficient to permit a full understanding of the flow of funds from the investors to Defendant and to their present location to the extent known or within the Defendant's power to learn.

X.

## Expedited Discovery

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that expedited discovery may take place consistent with the following:

A. Any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from

parties prior to the expiration of thirty (30) days after service of a summons and the Commission's Complaint upon Defendant.

B. All parties may take depositions upon oral examination, subject to seventy-two (72) hours' notice.

C. All parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours' notice of service of a written request for those documents and things.

D. Defendant shall serve written responses to Plaintiff SEC's requests for discovery. Defendant's responses, and the accounting to be provided by Defendant, shall be sent to the Commission addressed as follows:

> United States Securities and Exchange Commission
> Fort Worth Regional Office
> Attention: Jennifer Brandt
> Burnett Plaza, 801 Cherry Street, Suite 1900
> Fort Worth, Texas 76102

E. In connection with this action and any related judicial or administrative proceeding or investigation commenced or conducted by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail, e-mail, or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas, (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv)

consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, subject to the limitations contained in Paragraphs I-X above and notwithstanding any other provision in this Agreed Partial Judgment, Defendant may engage in legitimate non-securities related business activities and employment from the date of this Agreed Partial Judgment forward, and any and all earnings, income, or proceeds received by Defendant for such activities shall immediately be deposited in a bank account identified in writing to the Commission's counsel.  The Commission shall, upon request and reasonable notice from defense counsel, notify any financial institution that the opening and use of such account is consistent with this Agreed Partial Judgment.  Such funds may be used by Defendant for normal and customary personal expenses and for the payment of legal fees and other professional services on his behalf in this or any related proceedings.  Absent agreement between the Parties in writing or further order from this Court, withdrawals from this account shall not exceed $20,000 in any single month.  Defendant will provide copies of account statements to the Commission within 72 hours of receipt and will provide supporting materials and a basic accounting of the account to the Commission upon reasonable written notice (at least 14 business days), subject to appropriate redactions or withholding for any privileged matters, which matters will be included on a privilege log provided to the Commission along with the accounting.

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, subject to the limitations contained in Paragraphs I-XI above and notwithstanding any other provision in this Agreed Partial Judgment, Defendant, his wife, and his children may occupy the residence

located at 5834 Bridlewood Drive, Richmond, Texas 77469-7315. Defendant may have use of the items located within the residence, but may not remove any item from the residence without the express permission from the Commission or any Receiver appointed in this action, except for clothes and incidentals which are needed for daily living.

XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Agreed Partial Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Agreed Partial Judgment.

XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Agreed Partial Judgment forthwith and without further notice.

Dated: September 21 2015

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

Agreed to form:

/s/ Brent R. Baker
Clyde Snow & Sessions
One Utah Center, 13th Floor, 201 South Main Street
Salt Lake City, UT 84111
Phone: 801-322-2516
Fax: 801-521-6280
ATTORNEY FOR DEFENDANT


s/ Jennifer D. Brandt
Jennifer D. Brandt
Attorney-in-Charge
S.D. Tex. Bar No. 37943
Texas Bar No. 00796242
U. S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6882
Tel: (817) 978-6442
Fax: (817) 978-4927
Brandtj@sec.gov
COUNSEL FOR PLAINTIFF