UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No. 4:15-CV-02218 |
| v. | § § § | |
| FREDERICK ALAN VOIGHT and DAYSTAR FUNDING, LP, | § § § | |
| Defendants, | § § | |
| and | § § | |
| F.A. VOIGHT & ASSOCIATES, LP, RHINE PARTNERS, LP, TOPSIDE PARTNERS, LP, INTERCORE, INC., and INTERCORE RESEARCH CANADA, INC. a/k/a INTERCORE CANADA RESEARCH, INC., | § § § § § § § § | |
| Relief Defendants. | § § | |

**AGREED PARTIAL JUDGMENT AS TO RELIEF DEFENDANTS F.A VOIGHT & ASSOCIATES, LP, RHINE PARTNERS, LP, AND TOPSIDE PARTNERS, LP**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Relief Defendants F.A Voight & Associates, LP ("FAVA"), Rhine Partners, LP ("Rhine"), and Topside Partners, LP ("Topside") (together, "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendants and the subject matter of this action; consented to entry of this Agreed Partial Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph I); waived findings of fact and conclusions of law; and waived any right to appeal from this Agreed Partial Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendants shall pay disgorgement of moneys flowing to Relief Defendants from the conduct described in the Complaint. The Court shall determine the amounts of the disgorgement upon motion of the Commission. In connection with the Commission's motion for disgorgement, and at any hearing held on such a motion: (a) Relief Defendants will be precluded from arguing that the Defendant Frederick Alan Voight and/or the Defendant DayStar Funding, LP did not violate the federal securities laws as alleged in the Complaint; (b) Relief Defendants may not challenge the validity of the Consent or this Agreed Partial Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

II.

## Asset Freeze Order

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Agreed Partial Judgment by personal service or otherwise, are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit and any charges on any credit card), or effecting any sale, gift, hypothecation or other disposition of any asset, pending provision of sufficient proof to the Court

(and entry of an Order making a finding) of sufficient funds or assets to satisfy all claims alleged in the Commission's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim. Further, any bank trust company, broker-dealer, depository institution, entity, or individual holding accounts or assets for or on behalf of the Relief Defendants shall make no transactions in assets or securities (excepting liquidating necessary as to wasting assets) and no disbursement of assets or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including, specifically, any check, draft, or cashier's check) purchased by or for the Relief Defendants, unless otherwise ordered by this Court.

To effectuate the provisions of this section, the Commission may cause a copy of this Agreed Partial Judgment to be served on any bank, savings and loan, broker-dealer or other financial or depository institution either by United States mail, email or facsimile as if such service were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of the Relief Defendants, or any companies or persons or entities under their control.

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of the Relief Defendants' assets at any time since January 1, 2014, shall:

    A.    Prohibit Relief Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Relief Defendants' assets, except as directed by further Order of the Court;

    B.    Deny Relief Defendants and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Relief

Defendants, either individually or jointly; or (b) otherwise subject to access by Relief Defendants;

  C. Provide counsel for the Commission, or any Receiver appointed in this matter, within five (5) business days of receiving a copy of this Agreed Partial Judgment, a statement setting forth:

> (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Relief Defendants, either individually or jointly;
>
> (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Agreed Partial Judgment is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and
>
> (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Relief Defendants, either individually or jointly, or is otherwise subject to access by Relief Defendants; and

  D. Upon request by the Commission, or any Receiver appointed in this matter, promptly provide the Commission and the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

### III.

### **Document Preservation**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Agreed Partial Judgment by

personal service or otherwise, are restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any of their books and records or any documents relating in any manner to the matters set forth in the Commission's Complaint, or the books and records of any entities under their control, unless otherwise ordered by this Court.

IV.

**Accounting**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendants are ordered to provide an interim accounting, under oath, within ten days of the issuance of this Agreed Partial Judgment detailing (a) all moneys and other benefits received, directly and indirectly, as a result of the activities alleged in the Complaint (including the date on which the moneys or other benefit was received and the name and all contact information for the person paying the money or providing the benefit), (b) all assets of the Relief Defendants, wherever they may be located and by whomever they may be held (including the name and all contact information for the holder and the amount or value of the holdings), and (c) all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of the Relief Defendants (including the name and all contact information for the account holder and the account number and the amount held in each account) held at any point during the period from January 1, 2014 through the date of the accounting. The accounting shall be sufficient to permit a full understanding of the flow of funds from the investors and/or the Defendants to Relief Defendants and to their present location to the extent known or within the Relief Defendants' power to learn.

## V.

## **Expedited Discovery**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that expedited discovery may take place consistent with the following:

A. Any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty (30) days after service of a summons and the Commission's Complaint upon Defendant.

B. All parties may take depositions upon oral examination, subject to seventy-two (72) hours' notice.

C. All parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours' notice of service of a written request for those documents and things.

D. Relief Defendants shall serve written responses to Plaintiff SEC's requests for discovery. Relief Defendants' responses, and the accounting to be provided by Relief Defendants, shall be sent to the Commission addressed as follows:

> United States Securities and Exchange Commission
> Fort Worth Regional Office
> Attention: Jennifer Brandt
> Burnett Plaza, 801 Cherry Street, Suite 1900
> Fort Worth, Texas 76102

E. In connection with this action and any related judicial or administrative proceeding or investigation commenced or conducted by the Commission or to which the Commission is a party, Relief Defendants (i) will accept service by mail, e-mail, or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (ii) appoints Relief Defendants' undersigned attorney as agent to receive service of such notices and subpoenas, (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Relief Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Relief Defendants in any United States District Court for purposes of enforcing any such subpoena.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, subject to the limitations contained in Paragraphs I-V above and notwithstanding any other provision in this Agreed Partial Judgment, Relief Defendants may engage in legitimate non-securities related business activities and employment from the date of this Agreed Partial Judgment forward, and any and all earnings, income, or proceeds received by Relief Defendants for such activities shall immediately be deposited in a bank account identified in writing to the Commission's counsel. The Commission shall, upon request and reasonable notice from defense counsel, notify any financial institution that the opening and use of such account is consistent with this Agreed Partial Judgment. Such funds may be used by Relief Defendants for normal and customary expenses and for the payment of legal fees and other professional services on their behalf in this or any related proceedings. Absent agreement between the Parties in writing or further order from this Court, withdrawals from this account shall not exceed $20,000 in any single month. Relief Defendants will provide copies of account statements to the Commission within 72 hours of receipt and will provide supporting materials and a basic accounting of the account to the Commission upon reasonable written notice (at least 14 business days), subject to

appropriate redactions or withholding for any privileged matters, which matters will be included on a privilege log provided to the Commission along with the accounting.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Agreed Partial Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Agreed Partial Judgment forthwith and without further notice.

Dated: September 21, 2015

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

Agreed to form:


/s/ Brent R. Baker
Clyde Snow & Sessions
One Utah Center, 13th Floor, 201 South Main Street
Salt Lake City, UT  84111
Phone: 801-322-2516
Fax: 801-521-6280
ATTORNEY FOR DEFENDANT


s/ Jennifer D. Brandt
Jennifer D. Brandt
Attorney-in-Charge
S.D. Tex. Bar No. 37943
Texas Bar No. 00796242
U. S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas  76102-6882
Tel: (817) 978-6442
Fax: (817) 978-4927
Brandtj@sec.gov
COUNSEL FOR PLAINTIFF