United States District Court
Southern District of Texas

**ENTERED**

July 22, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2218 |
| FREDERICK ALAN VOIGHT and DAYSTAR FUNDING, LP, | § § § | |
| Defendants, and | § § | |
| F.A. VOIGHT & ASSOCIATES, LP, RHINE PARTNERS LP, and TOPSIDE PARTNERS, LP, | § § § § | |
| Relief Defendants. | § § | |

FINAL JUDGMENT

Shortly after this case was filed the Court issued Agreed
Partial Judgments against Defendants Frederick Alan Voight
("Voight") and DayStar Funding, LP ("DayStar") and Relief
Defendants F.A. Voight & Associates, LP ("FAVA"), Rhine Partners,
LP ("Rhine"), and Topside Partners, LP ("Topside") (collectively,
the "Voight Parties"), and on June 28, 2021 the Court granted
Plaintiff Securities and Exchange Commission's ("Commission")
Amended Motion for Remedies and Entry of Final Judgment against
the Voight Parties.  For the reasons stated in the Memorandum and
Order entered June 28, 2021, and Plaintiff's Supplement (Document
No. 127) providing updated calculations of prejudgment interest

due pursuant to the Court's Order, together with all other files, records, and proceedings herein, the Court now issues its Final Judgment as follows.  It is

ORDERED and ADJUDGED that Defendants Voight and DayStar ("Defendants") and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e(a) and (c)], by directly or indirectly, in the absence of any applicable exemption:

(a)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security;

(b)   Carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium

2

of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

It is further

ORDERED and ADJUDGED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

     (a)  to employ any device, scheme, or artifice to defraud;

     (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

3

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further

ORDERED and ADJUDGED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4

It is further

ORDERED and ADJUDGED that Defendant Voight and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, are restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Voight, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant Voight from purchasing or selling securities listed on a national securities exchange for his own personal accounts.  It is further

ORDERED and ADJUDGED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Voight is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].  It is further

ORDERED and ADJUDGED that Defendant Voight is jointly and severally liable with DayStar as a control person, pursuant to Section 20(a) of the Exchange Act, for DayStar's violations of

5

Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.   It is further

ORDERED and ADJUDGED that Voight and DayStar are jointly and severally liable for disgorgement of $9,906,021, representing their net profits gained as a result of the conduct alleged in the Complaint together with prejudgment interest in the amount of $2,827,021.15, for a total of $12,733,042.15.   It is further

ORDERED and ADJUDGED that Voight and Rhine are jointly and severally liable for disgorgement of $4,838,600, together with prejudgment interest in the amount of $1,380,859.61, for a total of $6,219,459.61.   It is further

ORDERED and ADJUDGED that Voight and Topside are jointly and severally liable for disgorgement of $1,225,000, together with prejudgment interest in the amount of $349,595.55, for a total of $1,574,595.55.   It is further

ORDERED and ADJUDGED that Defendant Voight shall pay forthwith to the Commission a civil penalty in the amount of $2,500,000 and Defendant DayStar shall pay forthwith to the Commission a civil penalty in the amount of $2,500,000.   It is further

ORDERED and ADJUDGED that the Voight Parties are liable for and shall pay post-judgment interest on all unpaid portions of the above-ordered disgorgement, prejudgment interest, and civil penalties adjudged against them respectively at the rate of 0.8%

per annum, compounded annually, until paid.  It is further

ORDERED and ADJUDGED that the Voight Parties shall pay the
above-ordered disgorgement sums, civil penalties, and interest to
the Commission, and the Commission shall maintain an accounting of
same and hold the funds received, together with all interest and
income earned thereon (collectively, the "Fund"), pending further
order of the Court.  Within ninety (90) days after the date the
Commission receives its first funds from or credited to any of the
Voight Parties, the Commission shall file a proposed plan to
distribute the Fund subject to the Court's approval.  The proposed
plan shall be consistent with law and with the Supreme Court's
admonition in Liu v. SEC, 140 S. Ct. 1936, 1948 (2020), that "[t]he
equitable nature of [a disgorgement remedy under § 78u(d)(5)]
generally requires the SEC to return a defendant's gains to wronged
investors for their benefit."  The Court shall retain jurisdiction
over the administration of the Fund and distributions from the
Fund may be made only pursuant to an Order of the Court.  It is
further

ORDERED and ADJUDGED that within three (3) days after being
served with a copy of this Final Judgment, JP Morgan Chase Bank,
N.A. ("Chase") shall transfer to the Commission the entire balance
of the following bank accounts controlled by Defendants which were
subject to this Court's Asset Freeze Order:

| Account Owner | Acct. Ending in: |
|---|---|
| DayStar Funding, L.P. | 2172 |
| DayStar Funding, L.P. | 2990 |
| Voight Financial Services, Inc. | 3487 |
| Rhine Partners, L.P. | 2995 |
| Topside Partners, L.P. | 6531 |

Any and all funds that the Commission receives from Chase shall be added to the Fund, shall be separately accounted for as to each individual account owner, and shall be applied first to the outstanding disgorgement adjudged respectively against such account owner, and second, if the disgorgement owed by that account owner is paid in full, to the civil penalties, if any, imposed against such account owner.  Funds received from Chase from its account number 3487 shall be applied to Defendant Voight's disgorgement and civil penalty liabilities.

For purposes of this paragraph, "Related Investor Action" means a private damages action brought against either or both of Defendant Voight and Defendant DayStar by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.  To preserve the deterrent effect of the civil penalties herein imposed upon Defendants Voight and DayStar, neither Voight nor DayStar shall, after offset or reduction of any award of compensatory damages in any Related Investor Action based on such Defendant's payment of disgorgement in this action, argue that such Defendant is entitled to, nor shall such Defendant further benefit by, offset or reduction of any such

8

compensatory damages award by the amount of any part of either Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the Court in any Related Investor Action should grant such a Penalty Offset, such Defendant shall, within thirty (30) days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to the Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amounts of the civil penalties imposed in this Judgment.

For the convenience of the Voight Parties as well as for the convenience of JPMorgan Chase Bank, N.A., the Commission states that payments of disgorgement sums, penalties, interest, and bank deposits, may be made by transmittal of payments electronically to the Securities and Exchange Commission, which will provide detailed ACH transfer instructions upon request.  Payments may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm, or by certified check, bank cashier's check, or United States Postal Money Order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, and specifying that payment is made pursuant to this Final Judgment.

If not paid within 30 days after the entry of this Final Judgment, the Commission may enforce the Court's judgment for disgorgement, civil penalties, and prejudgment interest by writs of execution and all other collection procedures authorized by law.

This Court retains jurisdiction over this matter for enforcement of this Final Judgment as set forth hereinabove. All other and further relief sought in this case not expressly granted is DENIED.

This is a **FINAL JUDGMENT**.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 22nd day of July, 2021.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE